IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANUS KULPA, M.D. and § | | |
| MEDICAL CARE CENTER, P.L.L.C. § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:07cv1136HSO-RHW | |
| § | | |
| § | | |
| OM FINANCIAL LIFE INSURANCE § | | |
| COMPANY f/k/a FIDELITY & § | | |
| GUARANTY LIFE INSURANCE CO., et al § | | DEFENDANTS |

**ORDER AND REASONS DENYING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY**

BEFORE THE COURT is the Motion of Plaintiffs Janus Kulpa, M.D., and Medical Care Center, P.L.L.C., to Conduct Discovery [23], filed in the above captioned cause on or about January 2, 2008. Defendants Professional Benefit Company, LLC, d/b/a Professional Business Services, LLC ("PBS"), Vance Syphers ("Syphers"), and Wealth Preservation Group, LLC ("Wealth Preservation Group") filed a Response [25] on or about January 18, 2008. Defendant OM Financial Life Insurance Company ("OM Financial"), formerly known as Fidelity & Guaranty Life Insurance Company, filed a separate Response [26] on or about January 22, 2008. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion to Conduct Discovery should be denied.

I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs assert that Defendants Agilis Benefit Services of Texas ("Agilis")

and PBS developed a prototype life insurance plan to be marketed to medical practitioners throughout the country.  Defendants Syphers and Wealth Preservation Group marketed these life insurance plans to Plaintiffs.

In establishing a wealth protection/tax sheltering plan for Kulpa, Defendants Agilis, PBS, Syphers, and Wealth Preservation Group advised Kulpa to form a limited liability company.  This limited liability company was to be wholly funded through a life insurance policy on the life of Kulpa.  Following this advice, Plaintiffs established Toros Holdings, LLC ("Toros Holdings").

According to Plaintiffs, Defendants Syphers, Wealth Preservation Group, Agilis and PBS acted as agents for OM Financial and promoted certain amounts and types of insurance to fund the plan.  A life insurance policy identified as No. L0778436 ("the Policy") was issued to Toros Holdings by OM Financial.  Kulpa was the named insured on this policy.

After purchasing the policy, Plaintiffs claim that they learned that the subject life insurance plan did not provide the wealth protection and tax benefits they had been led to believe would accrue.  Plaintiffs filed their Complaint in this Court on or about October 9, 2007, asserting claims against all Defendants for rescission, negligent misrepresentation, intentional misrepresentation, common-law fraud, aiding and abetting common-law fraud, and civil conspiracy related to the sale of life insurance policies.

Defendants OM Financial, PBS, Syphers, and Wealth Preservation Group have filed Motions to Compel Arbitration [21, 27, 29], asserting that Plaintiffs'

allegations are subject to arbitration pursuant to three separate arbitration agreements. In their present Motion, Plaintiffs assert that they should be permitted to conduct discovery before being required to respond to Defendants' Motions.

## II.  DISCUSSION

Based upon the submissions of the parties and the relevant law, the Court does not find that discovery is warranted. Plaintiffs state that they "do not believe arbitration is proper under the circumstances of this case," however Plaintiffs have not provided a sufficiently compelling reason to conduct discovery prior to responding to Defendants' Motions to Compel Arbitration. Because the Federal Arbitration Act ("FAA") "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses," an efficient and prompt resolution of Defendants' Motions is required. *See Bank One, N.A. v. Coates*, 125 F. Supp.2d 819, 829 (S.D. Miss. 2001)(prohibiting defendant from conducting discovery before the court ruled on the motion to compel arbitration without compelling justification for discovery)(citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983)); *see also Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1265 (5th Cir. 1994).

Based on the record, including the submissions of the parties, the Court is not persuaded that Plaintiffs have made the necessary showing to justify permitting discovery prior to the Court's considering the pending arbitration Motions. For the foregoing reasons, the Court is of the opinion that Plaintiffs' Motion must be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion Plaintiffs Janus Kulpa, M.D., and Medical Care Center, P.L.L.C., to Conduct Discovery [23], filed in the above captioned cause on or about January 2, 2008, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs Janus Kulpa, M.D., and Medical Care Center, P.L.L.C., shall file their Response to Defendants' Motions to Compel Arbitration within ten (10) business days from the date of this Order.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE